FILED
2017 Apr-26  PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA



**AlaFile E-Notice**

58-CV-2017-900310.00

To: JOSEPH BRYANT HORNSBY
    bhornsby@asilpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

KERRY E WILBANKS V. CMH HOMES INC.
58-CV-2017-900310.00

The following complaint was FILED on 3/31/2017 1:18:45 PM

Notice Date:    3/31/2017 1:18:45 PM

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
112 NORTH MAIN STREET
COLUMBIANA, AL, 35051

205-669-3760
mary.harris@alacourt.gov

ELECTRONICALLY FILED
3/31/2017 1:18 PM
58-CV-2017-900310.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>58<br>Date of Filing:   Judge Code:<br>03/31/2017 |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA**
**KERRY E WILBANKS v. CMH HOMES INC.**

| **First Plaintiff:** | ☐ Business   ☑ Individual<br>☐ Government   ☐ Other | **First Defendant:** | ☑ Business   ☐ Individual<br>☐ Government   ☐ Other |

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER
R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ YES   ☐ NO     Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** HOR061     3/31/2017 1:18:17 PM     /s/ JOSEPH BRYANT HORNSBY
Date     Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES   ☐ NO   ☑ UNDECIDED

DOCUMENT 2

Case 2:17-cv-00670-JEO   Document 1-1   Filed 04/26/17   Page 3 of 9

ELECTRONICALLY FILED
3/31/2017 1:18 PM
58-CV-2017-900310.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| **KERRY E WILBANKS, an individual;** ) | ***JURY TRIAL IS REQUESTED*** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CASE NO.:** _____ |
| ) | |
| **CMH HOMES, INC. a foreign** ) | |
| **corporation doing business in the state** ) | |
| **of Alabama;** ) | |

[FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, any entity which had the duty to maintain the safe condition of the parking lot at the property/business in question; No. 2, any entity which had a duty to warn and failed to warn, had a duty to issue and failed to issue or issued inadequate warning or instructions, regarding the hazardous condition to Plaintiff at the property/business in question; No. 3, any entity which had a duty to inspect the area in question for hazards, hidden defects or dangerous conditions at the property/business in question;  No. 4, any entity which allowed or caused the hazard condition in question to manifest at the property/business in question;  No. 5, whether any entity which provided general liability or premises liability or medical payment coverage to the property/business in question; No. 6, any entity which conducted safety inspections or analyses or provided consulting services pertaining to the area in question at the property/business in question; No. 7, any entity which had a duty to insure or ensure the safety and security of Plaintiff, while at the premises involved in the occurrence made the basis of this suit; No. 8, any entity which was involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint;  No. 9, any entity which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff;  No. 10, any entity which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence;  No. 11, any entity other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit;  No. 12, any entity which reinsured or provided excess coverage for said premises;  No. 13, any entity which is the successor in interest of any of those entities described herein;  No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein;  No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the parking lot of the premises in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained],

**Defendants.**                    )

## COMPLAINT

### PARTIES

1. Plaintiff, Kerry E Wilbanks (hereinafter referred to as "Plaintiff"), is an individual over the age of nineteen (19) years and is a resident of Shelby County, Alabama.

2. Defendant, CMH Homes Inc. (hereinafter referred to as "Defendant CMH Homes" or only together with Fictitious Defendants as "Defendants"), is a foreign corporation d/b/a Clayton Homes of Clanton, AL who operates at 2101 Holiday Inn Drive, Clanton, AL 35046.

3. Fictitious Defendants, described above as numbers one (1) through eighteen (18), are those persons or entities whose names will be substituted upon learning their true identities.

### FACTUAL BACKGROUND

4. On or about the 27th day of October, 2015, Plaintiff tripped and/or slipped on several pieces of vinyl siding at night that were laying in his front yard in close proximity to his front door. Defendants failed to remove and/or move excess pieces of vinyl siding that were left in Plaintiff's walking path to his front door.

5. Defendants negligently, recklessly, and/or wantonly caused or allowed Plaintiff to fall and suffer injuries and damages to Plaintiff's person by failing to remove and/or move the vinyl siding thus creating a hazardous condition to plaintiff. Defendants had actual or constructive notice and/or were delinquent in not discovering and repairing the hazardous condition, and were negligent and/or wanton in allowing or affirmatively creating a hazard by allowing the hazardous condition to remain in the area in question which was in the path of the Plaintiff; further, the Defendant was negligent and/or wanton in creating or not repairing a hazardous condition in the path of the Plaintiff and did not provide adequate warning to Plaintiff.

6. As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

   a. Plaintiff suffered injuries to various portions of plaintiff's body;

   b. Plaintiff was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

   c. Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

   d. Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities.

   e. Plaintiff was caused to incur aggravation and/or exacerbation to then existing conditions that Plaintiff either did or did not know of at the time of this incident;

   f. Plaintiff has experienced and continues to experience mental anguish;

   g. Plaintiff is reasonably certain to experience mental anguish in the future;

   h. Plaintiff was caused to incur out-of-pocket medical expenses;

## COUNT I - NEGLIGENCE

7. Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

8. As described in the Factual Background above, on the 27th day of October, 2015 Plaintiff tripped and/or slipped on several pieces of vinyl siding at night that were laying in his front yard in close proximity to his front door. Defendants failed to remove and/or move excess pieces of vinyl siding that were left in Plaintiff's walking path to his front door.

- 3 -

9. Defendants negligently caused or allowed Plaintiff to fall and suffer injuries and damages to Plaintiff's person by failing to remove and/or move the vinyl siding thus creating a hazardous condition to plaintiff. Defendant's had actual or constructive notice and/or were delinquent in not discovering and repairing the hazardous condition, and were negligent in affirmatively creating a hazard or not warning the Plaintiff of said hazardous condition that was situated in a dangerous area and/or location inasmuch as it was located in an area that was regularly traveled by Plaintiff. Further, Defendant(s) were negligent in failing to warn Plaintiff of this dangerous condition that existed on his premises that was a hazard to the Plaintiff.

10. As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## **COUNT II – RECKLESSNESS AND WANTONNESS**

11. Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

12. As described in the Factual Background above, on the 27th day of October, 2015 Plaintiff tripped and/or slipped on several pieces of vinyl siding at night that were laying in his front yard in close proximity to his front door. Defendants failed to remove and/or move excess pieces of vinyl siding that were left in Plaintiff's walking path to his front door.

13. Defendants wantonly and/or recklessly caused or allowed Plaintiff to fall and suffer injuries and damages to Plaintiff's person by failing to remove and/or move the vinyl siding thus

creating a hazardous condition to plaintiff. Defendant's had actual or constructive notice and/or were delinquent in not discovering and repairing the hazardous condition, and were wanton and/or reckless in affirmatively creating a hazard or not warning the Plaintiff of said hazardous condition that was situated in a dangerous area and/or location inasmuch as it was located in an area that was regularly traveled by Plaintiff.  Further, Defendant(s) were wanton and/or reckless in failing to warn Plaintiff of this dangerous condition that existed on his premises that was a hazard to the Plaintiff.

14. As a proximate and direct result of Defendants' wrongful conduct as specifically set forth above, Plaintiff has been injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

### COUNT III – NEGLIGENT, RECKLESS, AND WANTON SUPERVISION AND TRAINING

15. Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

16. As described in the Factual Background above, on the 27th day of October, 2015 Plaintiff tripped and/or slipped on several pieces of vinyl siding at night that were laying in his front yard in close proximity to his front door. Defendants failed to remove and/or move excess pieces of vinyl siding that were left in Plaintiff's walking path to his front door.

17. Defendants were under an obligation and duty to train and supervise their employees to remedy any dangerous or hazardous conditions which were not readily discoverable by their customers.

18. Defendants negligently, wantonly, and recklessly failed to properly train employees to inspect and to keep the property free and clear of dangerous conditions. Defendants' failure to properly train its employees directly resulted in Plaintiff's injuries as described herein.

19. As a direct and proximate consequence of Defendants' negligent, reckless and wanton training and supervision, Plaintiff was injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

Respectfully Submitted,

/s/ J. Bryant Hornsby
J. Bryant Hornsby  (HOR061)
Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:         (205) 983-8155
Facsimile:     (205) 983-8455
Email:         bhornsby@asilpc.com

Plaintiff's Address:

Kerry E Wilbanks
c/o J. Bryant Hornsby
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AS FOLLOWS:**

CMH Homes Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104